■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN WALKER, Appellant. [888 NYS2d 195]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated October 25, 2007, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Based upon his 1986 conviction in New Jersey for aggravated sexual assault, the defendant was presumptively classified as a level two sex offender by the Board of Examiners of Sex Offenders, which did not recommend an upward departure. However, at a later hearing, the People sought such departure based upon the defendant's 2004 conviction in New Jersey for failing to reregister his sex offender status with local authorities. The Supreme Court concluded that the defendant's failure to "obey the requirements of registration in the past and [his conviction] of a crime for failing to [re]register" was an aggravating factor that warranted an upward departure from level two to level three. We agree.

Utilization of the risk assessment instrument will generally "result in the proper classification in most cases so that departures will be the exception—not the rule" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006 ed]; *see People v Ventura,* 24 AD3d 527 [2005]; *People v Dexter,* 21 AD3d 403 [2005]). However, a court is empowered to exercise its discretion and depart from the presumptive risk level based upon the circumstances presented in the record (*see Matter of VanDover v Czajka,* 276 AD2d 945 [2000]). A departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind, or to a degree, not otherwise adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006 ed]; *see People v Abdullah,* 31 AD3d 515 [2006]; *People v Dexter,* 21 AD3d 403 [2005]). There must be clear and convincing evidence of the existence of a special circumstance to warrant a departure from the presumptive risk level (*see People v Inghilleri,* 21 AD3d 404 [2005]; *People v Guaman,* 8 AD3d 545 [2004]; *People v Hampton,* 300 AD2d 641 [2002]; *People v Bottisti,* 285 AD2d 841 [2001]).

Here, the People demonstrated by clear and convincing evidence (i.e., the defendant's conviction for failing to reregister), the existence of an aggravating factor that was not adequately taken into account by the guidelines and which justified the court's determination to grant the People's request for an upward departure (*see People v Roberts,* 54 AD3d 1106 [2008]; *People v Hill,* 50 AD3d 990 [2008]). Covello, J.P., Santucci, Chambers and Lott, JJ., concur.