■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH S. McDONNELL, JR., Appellant. [932 NYS2d 352]—

In this proceeding under the Sex Offender Registration Act (*see* Correction Law art 6-C), the Board of Examiners of Sex Offenders (hereinafter the Board) prepared a risk assessment instrument (hereinafter the RAI) assessing points under various risk factors for a total score within risk level two. The Board's point assessment was supported by clear and convincing evidence of the applicable risk factors, thus rendering a presumptive risk level two designation (*see* Correction Law § 168-d [3]; *People v Pettigrew*, 14 NY3d 406, 408-409 [2010]). The defendant was properly designated a "predicate sex offender" subject to lifetime registration based upon his previous convictions of sex offenses (Correction Law § 168-a [2], [7] [c]; § 168-h [2]).

The defendant contends that the County Court erred in granting the People's application, upon the recommendation of the Board, for an upward departure to risk level three. A court may exercise its discretion and depart upward from the presumptive risk level where "it concludes that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary,

at 4 [2006]). There must be clear and convincing evidence of the existence of the aggravating factor to warrant the court's exercise of discretion (*see* Correction Law § 168-n [3]; *People v Wyatt*, 89 AD3d 112 [2d Dept 2011]; *People v Walker*, 67 AD3d 760, 761 [2009]). Contrary to the defendant's contention, the People demonstrated by clear and convincing evidence the existence of an aggravating factor that was not adequately taken into account by the guidelines (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 14 [2006]) and, on the record presented, the Supreme Court providently granted the People's application for an upward departure (*see People v Walker*, 67 AD3d at 761; *People v Hill*, 50 AD3d 990 [2008]; *People v Agard*, 35 AD3d 568 [2006]; *People v Hines*, 24 AD3d 524 [2005]).

The defendant's remaining contention is without merit. Angiolillo, J.P., Balkin, Dickerson and Cohen, JJ., concur.