■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SUBER, Appellant. [935 NYS2d 898]—

Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (hereinafter SORA; *see* Correction Law art 6-C) to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based." Here, the Supreme Court failed to adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (*see People v Lashway*, 66 AD3d 662, 662 [2009]; *People v Guitard*, 57 AD3d 751, 751 [2008]).

The defendant contends that the Supreme Court improperly granted the People's application, upon the recommendation of the Board of Examiners of Sex Offenders (hereinafter the Board), for an upward departure to risk level three. "A court may exercise its discretion and depart upward from the presumptive risk level where 'it concludes that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines' " (*People v McDonnell*, 89 AD3d 815 [2011], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]). "There must be clear and convincing evidence of

the existence of the aggravating factor to warrant the court's exercise of discretion" (*People v McDonnell*, 89 AD3d at 816; *see* Correction Law § 168-n [3]; *People v Wyatt*, 89 AD3d 112 [2011]). Here, in departing from the presumptive risk level, the Supreme Court properly considered the evidence of the brutality and violence of the underlying crimes committed by the defendant in Ohio, as set forth in the case summary completed by the Board. In addition to raping the victim, the defendant, during the attack, struck the victim on the head multiple times, inflicted bruises and abrasions on her and, most significantly, choked her to the point of unconsciousness twice, resulting in his conviction of attempted murder as well as rape. Contrary to the defendant's contention, and notwithstanding the fact that the defendant was assessed 15 points under risk factor one for inflicting physical injury on the victim, the People demonstrated by clear and convincing evidence the existence of an aggravating factor that was not adequately taken into account by the guidelines and the risk assessment instrument (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 14 [2006]; *People v Miller*, 48 AD3d 774, 775 [2008]; *People v Joslyn*, 27 AD3d 1033, 1034-1035 [2006]; *see also People v Neal*, 73 AD3d 1145, 1145-1146 [2010]). Dillon, J.P., Dickerson, Eng and Leventhal, JJ., concur.