*663 After the defendant’s convictions of two sex crimes in Florida, he relocated to New York. Following a hearing to determine the defendant’s risk level pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), the County Court granted the People’s application for an upward departure from the defendant’s presumptive risk level one designation.
“A court may exercise its discretion and depart upward from the presumptive risk level where ‘it concludes that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the (SORA) guidelines’ ” (People v Richardson, 101 AD3d 837, 838 [2012], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]).
Contrary to the defendant’s contention, the County Court properly determined that the People provided clear and convincing evidence of aggravating factors not adequately taken into account by the SORA guidelines. While several of the defendant’s prior offenses are not classified as “sex crimes” for purposes of scoring on the risk assessment instrument (hereinafter RAI), they did have a sexual component to them (see People v Mingo, 12 NY3d 563, 570 [2009]; People v Freeman, 85 AD3d 1335, 1336 [2011]; People v Twyman, 59 AD3d 415, 416 [2009]). Further, the RAI failed to account for the defendant’s conviction in Florida, after his commission of the instant offenses, of failure to comply with sex offender reporting requirements of that State (see People v Porter, 74 AD3d 767, 768 [2010]; People v Turpeau, 68 AD3d 1083 [2009]; People v Walker, 67 AD3d 760, 761 [2009]). Upon determining the existence of these aggravating factors, the County Court providently exercised its discretion in granting the People’s application for an upward departure (see People v Wyatt, 89 AD3d 112, 123 [2011]). Skelos, J.P., Lott, Cohen and Hinds-Radix, JJ., concur.