■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD WILLETTE, Appellant. [982 NYS2d 173]—

Appeal by the defendant (1) from an order of the County Court, Dutchess County (Greller, J.), dated March 2, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C, and (2), as limited by his brief, from so much of an order of the same court dated September 13, 2012, as, upon reargument, in effect, vacated the prior determination in the order dated March 2, 2012, and thereupon designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order dated March 2, 2012, is dismissed, without costs or disbursements, as that order was superseded by the order dated September 13, 2012, made upon reargument; and it is further,

Ordered that the order dated September 13, 2012, is affirmed insofar as appealed from, without costs or disbursements.

Following a hearing to determine the defendant's risk level pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), the County Court designated the defendant a level three sex offender. Thereafter, the defendant moved for leave to reargue. Upon reargument, the County Court determined that it had erroneously assessed certain points under the risk assessment instrument. Specifically, the County Court determined that it had intended to assess a total of only 60 points, which presumptively placed the defendant in a level one presumptive risk level. The County Court, however, granted the People's application for an upward departure from the defendant's presumptive risk level and, thereupon, designated him a level two sex offender.

"A court may exercise its discretion and depart upward from the presumptive risk level where 'it concludes that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] guidelines' " (*People v Richardson*, 101 AD3d 837, 838 [2012], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *see People v Faver*, 113 AD3d 662 [2014]). Here, upon reargument, the County Court properly determined that the People provided clear and convincing evidence of an aggravating factor not adequately taken into

account by the SORA guidelines and, thereupon, providently exercised its discretion in granting the People's application for an upward departure (*see People v Wyatt*, 89 AD3d 112, 120, 123 [2011]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4). Rivera, J.P., Lott, Roman and Hinds-Radix, JJ., concur.