■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN M. SOEVYN, Appellant. [983 NYS2d 83]—

Appeal by the defendant, as limited by his brief, from so much of an order of the County Court, Suffolk County (Kahn, J.), dated June 17, 2013, as, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the defendant's contention, in light of the extreme

brutality and violence of the defendant's conduct in his commission of the underlying crimes, which included holding the victim hostage in her home over the course of approximately 13 hours, repeatedly threatening to stab her with a knife and burn her to death with gasoline, raping her twice, locking her in a closet, choking and punching her, and engaging in a standoff with the police, the County Court properly determined that there were aggravating factors not adequately taken into account by the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (*see People v Ratcliff*, 107 AD3d 476 [2013]; *People v Majid*, 98 AD3d 897, 898 [2012]; *People v Suber*, 91 AD3d 619, 620 [2012]; *People v Henry*, 91 AD3d 927 [2012]; *People v Wyatt*, 89 AD3d 112, 121, 123 [2011]; *People v Ray*, 86 AD3d 435 [2011]; *People v Rios*, 57 AD3d 501, 502 [2008]; *People v Miller*, 48 AD3d 774, 774-775 [2008]; *People v Joslyn*, 27 AD3d 1033, 1034-1035 [2006]). Upon making such a determination, the County Court providently exercised its discretion in granting the People's application for an upward departure from a level two to a level three sex offender (*see People v Henry*, 91 AD3d at 927; *People v Wyatt*, 89 AD3d at 121, 123). Rivera, J.P., Lott, Roman and Cohen, JJ., concur.