■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL M. LAPORTE, Appellant. [989 NYS2d 309]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated May 28, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

"A court may exercise its discretion and depart upward from the presumptive risk level where 'it concludes that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act] guidelines' " (*People v Richardson*, 101 AD3d 837, 838 [2012], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *see People v Willette*, 115 AD3d 920 [2014]; *People v Faver*, 113 AD3d 662, 663 [2014]; *People v Wyatt*, 89 AD3d 112, 119 [2011]). Here, the County Court properly determined that the People presented clear and convincing evidence of an aggravating factor not adequately taken into account by the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary. The defendant has an extensive history of committing offenses constituting public lewdness. While these offenses are not classified as "sex crimes" for purposes of scoring on the risk assessment instrument, they have a sexual component (*see People v Faver*, 113 AD3d at 663; *People v Twyman*, 59 AD3d 415, 416 [2009]; *People v Brown*, 45 AD3d 1123, 1124 [2007]). The commission of these offenses is an aggravating factor "which tends to establish a higher likelihood of reoffense or danger to the community" (*People v Wyatt*, 89 AD3d at 121). Upon determining the existence of this aggravating factor, the County Court providently exercised its discretion in granting the People's application for an upward departure (*see People v Wyatt*, 89 AD3d at 123). Mastro, J.P., Rivera, Balkin and Miller, JJ., concur.