■ The People of the State of New York, Respondent, v Joseph Boyd, Appellant. [993 NYS2d 184]—

Appeal by the defendant from an order of the County Court, Dutchess County (Greller, J.), dated June 21, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

"Utilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception—not the rule' " (*People v Walker*, 67 AD3d 760, 761 [2009], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). However, "[a] court may exercise its discretion and depart upward from the presumptive risk level where 'it concludes that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act] guidelines' " (*People v Richardson*, 101 AD3d 837, 838 [2012], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *see People v LaPorte*, 119 AD3d 758 [2014]; *People v Willette*, 115 AD3d 920 [2014]; *People v Dexter*, 21 AD3d 403, 404 [2005]).

Here, the County Court properly granted the People's motion for an upward departure of the defendant's risk level designation from a level two to a level three sex offender. Contrary to the defendant's contention, the People demonstrated by clear and convincing evidence the existence of an aggravating factor that was not adequately taken into account by the guidelines. The proof presented at the hearing established, inter alia, that the defendant was convicted in New Jersey of failing to register as a sex offender, which justified the court's determination to grant the People's request for an upward departure (*see People v Faver*, 113 AD3d 662, 663 [2014]; *People v Porter*, 74 AD3d 767, 767-768 [2010]; *People v Turpeau*, 68 AD3d 1083, 1083

[2009]; *People v Walker*, 67 AD3d 760, 761 [2009]; *People v Roberts*, 54 AD3d 1106, 1107 [2008]).

The parties' remaining contentions either are without merit, or need not be reached in light of our determination. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.