People v Maldonado (2015 NY Slip Op 02739)





People v Maldonado


2015 NY Slip Op 02739


Decided on April 1, 2015


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 1, 2015
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

PETER B. SKELOS, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2014-05791

[*1]People of State of New York, respondent, 
v
Samuel Maldonado, appellant.


Lynn W. L. Fahey, New York, N.Y. (A. Alexander Donn of counsel), for appellant.
Kenneth P. Thompson, District Attorney, Brooklyn, N.Y. (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Foley, J.), dated May 5, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant contends that, in determining his risk level under the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court improperly granted the People's application, upon the recommendation of the Board of Examiners of Sex Offenders, for an upward departure to risk level three. A court may exercise its discretion to upwardly depart from the presumptive risk level where "there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]). The aggravating factor must be proven by clear and convincing evidence (see People v Suber, 91 AD3d 619, 619-620; People v Wyatt, 89 AD3d 112, 123).
Here, the Supreme Court properly considered the brutal and severe nature of the defendant's conduct toward the complainant as an aggravating factor warranting an upward departure (see People v Suber, 91 AD3d at 619-620; People v Rios, 57 AD3d 501, 502-503). Accordingly, the defendant was properly adjudicated a level three sex offender.
SKELOS, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court