■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE IACONO, Appellant. [24 NYS3d 415]—Appeal by the defendant from an order of the Supreme Court, Nassau County (Delligatti, J.), dated July 18, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

"A court may exercise its discretion and depart upward from the presumptive risk level where 'it concludes that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act] guidelines'" (People v Richardson, 101 AD3d 837, 838 [2012], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter the Guidelines]; see People v Gillotti, 23 NY3d 841, 861 [2014]; People v LaPorte, 119 AD3d 758 [2014]; People v Wyatt, 89 AD3d 112, 119 [2011]). Here, the Supreme Court properly determined that the People presented clear and convincing evidence of aggravating factors not adequately taken into account by the Guidelines "which tend[ ] to establish a higher likelihood of reoffense or danger to the community" (People v Wyatt, 89 AD3d at 121). Upon determining the existence of these aggravating factors, the Supreme Court

providently exercised its discretion in granting the People's application for an upward departure (*see People v Gillotti*, 23 NY3d at 861; *People v Wyatt*, 89 AD3d at 123). Accordingly, the defendant was properly designated a level two sex offender. Rivera, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.