People v Sprinkler (2018 NY Slip Op 04363)





People v Sprinkler


2018 NY Slip Op 04363


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2014-09768

[*1]People of State of New York, respondent,
v
Derrick Sprinkler, appellant.


Seymour W. James, Jr., New York, NY (Susan Epstein of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Leonard P. Rienzi, J.), dated September 26, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Correction Law § 168-l(8) provides that a failure by a state or local agency to act or by a court to render a determination within the time period specified by the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA) shall not affect the obligation of a sex offender to register or verify under SORA, nor shall such failure prevent a court from making a determination regarding the sex offender's risk level. Contrary to the defendant's contention, the delay in holding a hearing to determine his risk level pursuant to SORA was not so "outrageously arbitrary" as to constitute a gross abuse of governmental authority (People v Gonzalez, 138 AD3d 814, 815; see People v Gallagher, 129 AD3d 1252, 1253; People v Wilkes, 53 AD3d 1073, 1074; cf. People v Gregory, 71 AD3d 1559, 1560).
"[U]tilization of the risk assessment instrument will generally result in the proper classification in most cases so that departures will be the exception not the rule'" (People v Guaman, 8 AD3d 545, 545, quoting SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; see People v Boyd, 121 AD3d 658, 658). The general rule is that a SORA court has the discretion to depart from the presumptive risk level only if " special circumstances'" warrant such departure (People v Wyatt, 89 AD3d 112, 119 [emphasis omitted], quoting Guidelines at 4; see People v Mitchell, 142 AD3d 542, 544).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d at 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). "In determining whether to exercise that discretion, the court must examine all circumstances relevant to the offender's risk of reoffense and danger to the community'" (People v Marsh, 116 AD3d 680, 682, [*2]quoting People v Wyatt, 89 AD3d at 128). Although lengthy periods of time during which the defendant has been at liberty after the offense are not taken into account by the Guidelines or the Risk Assessment Instrument (see People v Sotomayer, 143 AD3d 686, 687; People v Abdullah, 31 AD3d 515, 516), here, the defendant failed to establish by a preponderance of the evidence that, in the time since his conviction for a sex offense, he has led an exemplary life such that he was entitled to a downward departure from the presumptive risk level (cf. People v Abdullah, 31 AD3d at 516). Accordingly, we agree with the Supreme Court's determination to deny, after a hearing, the defendant's application for a downward departure to risk level one.
ROMAN, J.P., SGROI, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court