People v Scott (2019 NY Slip Op 03389)





People v Scott


2019 NY Slip Op 03389


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-01718

[*1]People of State of New York, respondent,
v
Michael S. Scott, appellant. Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.


Timothy D. Sini, District Attorney, Riverhead, NY (Kathleen Becker Langlan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated January 12, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant pleaded guilty to criminal contempt in the second degree, assault in the second degree, and sexual abuse in the third degree. The defendant's score of 105 points on the risk assessment instrument (hereinafter RAI) fell within the range of a presumptive level two sex offender. He does not challenge that score on appeal. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court granted the People's application for an upward departure and designated the defendant a level three sex offender. The defendant appeals.
"Under SORA, a court must follow three analytical steps to determine whether or not to order a departure from the presumptive risk level" (People v Gillotti, 23 NY3d 841, 861). "At the first step, the court must decide whether the aggravating or mitigating circumstances alleged by a party seeking a departure are, as a matter of law, of a kind or to a degree not adequately taken into account by the [G]uidelines" (id. at 861; see People v Boyd, 121 AD3d 658, 658; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "At the second step, the court must decide whether the party requesting the departure has adduced sufficient evidence to meet its burden of proof in establishing that the alleged aggravating or mitigating circumstances actually exist in the case at hand" (People v Gillotti, 23 NY3d at 861; see People v Boyd, 121 AD3d at 658; Guidelines at 4, 7). The People are required to prove the existence of certain aggravating circumstances by clear and convincing evidence in order to obtain an upward departure pursuant to the Guidelines (see People v Gillotti, 23 NY3d at 862; People v Allen, 151 AD3d 1087, 1088). If the first two steps are met, the law permits a departure, but the court still has discretion to grant or refuse a departure (see People v Gillotti, 23 NY3d at 861; People v Iacono, 136 AD3d 771, 771-772). "Thus, at the third step, the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's [*2]dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861).
Here, the People presented clear and convincing evidence that the defendant's concurrent convictions of assault in the second degree and criminal contempt in the second degree constituted an aggravating factor not adequately taken into account by the Guidelines (see Guidelines at 14; People v Diaz, 151 AD3d 891, 891; People v Scales, 134 AD3d 790, 792). Contrary to the defendant's contention, the People established by clear and convincing evidence that the defendant's criminal conduct against the victim, which caused her to be impaled and occurred despite the existence of an order of protection against the defendant in favor of the victim, tended to establish a higher likelihood of reoffense or danger to the community (see People v Nicholas P., 151 AD3d 500, 501; People v Williams, 128 AD3d 1038, 1039). Under these circumstances, we agree with the County Court's determination granting the People's application for an upward departure and designating the defendant a level three sex offender.
DILLON, J.P., CHAMBERS, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court