People v Sandy (2019 NY Slip Op 04739)





People v Sandy


2019 NY Slip Op 04739


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-11079

[*1]People of State of New York, respondent,
v
Raughn R. Sandy, appellant.


D.J. & J.A. Cirando, PLLC, Syracuse, NY (John A. Cirando, Bradley E. Keem, Elizabeth deV. Moeller, and Rebecca L. Konst of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Dutchess County (Peter M. Forman, J.), dated October 3, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of criminal sexual act in the first degree. After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), and upon granting the People's application for an upward departure from the defendant's presumptive level two risk designation, the County Court designated the defendant a level three sex offender.
"Once the presumptive risk level has been established at a risk level hearing, the court is permitted to depart from it if special circumstances' warrant a departure" (People v Cassarly, 151 AD3d 1088, 1088, quoting SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). An upward departure is permitted only if the court concludes, upon clear and convincing evidence, that there exists an aggravating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines (see Guidelines at 4; People v Gillotti, 23 NY3d 841, 861).
"Under SORA, a court must follow three analytical steps to determine whether or not to order a departure from the presumptive risk level indicated by the offender's guidelines factor score. At the first step, the court must decide whether the aggravating or mitigating circumstances alleged by a party seeking a departure are, as a matter of law, of a kind or to a degree not adequately taken into account by the guidelines" (People v Gillotti, 23 NY3d at 861). "At the second step, the court must decide whether the party requesting the departure has adduced sufficient evidence to meet its burden of proof in establishing that the alleged aggravating or mitigating circumstances actually exist in the case at hand. . . . If the party applying for a departure surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (id. at 361 [citations omitted]).
Here, contrary to the defendant's contention, in light of the brutality and extreme violence of the defendant's conduct in his commission of the underlying crime, including the prolonged nature of the incident, during which the defendant would not allow the victim to leave her apartment, the multiple sexual assaults the defendant perpetrated on the victim during that time period, and the defendant's acts of choking the victim and repeatedly striking her with his hands and with objects, we agree with the County Court's determination that there were aggravating factors not adequately taken into account by the SORA Guidelines (see People v Soevyn, 116 AD3d 684, 684-685; People v Suber, 91 AD3d 619, 620; People v Joslyn, 27 AD3d 1033, 1035). Upon making such a determination, the court did not improvidently exercise its discretion in granting the People's application for an upward departure from a level two to a level three sex offender (see People v Soevyn, 116 AD3d at 685).
RIVERA, J.P., COHEN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court