People v Pittman (2020 NY Slip Op 00443)





People v Pittman


2020 NY Slip Op 00443


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2017-08282

[*1]People of State of New York, respondent,
v
Frederic Pittman, appellant. Paul Skip Laisure, New York, NY (Stephanie Sonsino of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Miriam Cyrulnik, J.), dated May 12, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level two sex offender.
The defendant was convicted, upon his plea of guilty, of sexual abuse in the second degree, a class A misdemeanor. On the same day the defendant was sentenced, the Supreme Court conducted a hearing to determine the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C). Although the total number of points the defendant was assessed by the Board of Examiners of Sex Offenders on the risk assessment instrument placed the defendant presumptively in the level two risk category, the court granted the People's application for an upward departure and designated the defendant a level three sex offender. The defendant appeals.
A departure from the presumptive risk level is generally the exception, not the rule (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). Where the People seek an upward departure, they must identify an aggravating factor that tends to establish a higher likelihood of reoffense or danger to the community not adequately taken into account by the Guidelines, and prove the facts in support of the aggravating factor by clear and convincing evidence (see People v Gillotti, 23 NY3d 841, 861; People v Smith, 158 AD3d 654, 655; Guidelines at 4).
Here, contrary to the Supreme Court's conclusion, the People failed to prove the existence of an aggravating factor by clear and convincing evidence. In granting an upward departure, the court relied upon the defendant's criminal history. However, the Guidelines account for an offender's criminal history by assessing points under risk factor 9, and the defendant's history here was not so extraordinary, extensive, or serious as to demonstrate that the assessment of those points was inadequate to capture his actual risk of reoffense and danger to the community (see People v Campbell, 98 AD3d 5, 14; cf. People v Guadeloupe, 173 AD3d 910, 912; People v Smith, 158 AD3d 654). Further, an upward departure could not properly be based upon certain prior conduct of which the defendant was charged but either never indicted or never convicted, as the People's evidence regarding that alleged conduct did not meet the clear and convincing evidence [*2]standard (see People v Torres, 176 AD3d 1125; see generally People v Wyatt, 89 AD3d 112, 126-127).
Although the defendant correctly contends that the Supreme Court should not have assessed him points under risk factor 12 (failure to accept responsibility) since the People neither requested that those points be assessed nor proved by clear and convincing evidence facts supporting such an assessment (see People v George, 142 AD3d 1059, 1060; see generally People v Pettigrew, 14 NY3d 406, 408), elimination of those points does not change the defendant's presumptive risk level.
Accordingly, the Supreme Court should have denied the People's application for an upward departure and designated the defendant a level two sex offender.
BALKIN, J.P., CHAMBERS, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court