People v Murray (2020 NY Slip Op 03554)





People v Murray


2020 NY Slip Op 03554


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-08352

[*1]People of State of New York, respondent,
v
Jaheim Murray, appellant.


Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Jordan K. Hummel and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated May 16, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level one sex offender.
The defendant was convicted, upon his plea of guilty, of attempted rape in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 65 points pursuant to the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) (hereinafter Guidelines), within the range for a presumptive designation as a level one sex offender. The court then granted the People's request for an upward departure and designated the defendant a level two sex offender. The defendant appeals.
The Supreme Court should not have granted the People's request for an upward departure. "A departure from the presumptive risk level is generally the exception, not the rule. Where the People seek an upward departure, they must identify an aggravating factor that tends to establish a higher likelihood of reoffense or danger to the community not adequately taken into account by the Guidelines, and prove the facts in support of the aggravating factor by clear and convincing evidence" (People v Pittman, 179 AD3d 955, 956 [citation omitted]). If the People do not satisfy these two requirements, "the court does not have the discretion to depart from the presumptive risk level" (People v Mota, 165 AD3d 988, 989).
Here, the People failed to establish that the defendant's conduct was so brutal, heinous, extreme, or depraved as to amount to an aggravating factor that tends to establish a higher likelihood of reoffense or danger to the community not adequately taken into account by the Guidelines (see e.g. People v Soevyn, 116 AD3d 684, 685; People v Henry, 91 AD3d 927; People v Suber, 91 AD3d 619, 620; People v Miller, 48 AD3d 774, 775). Accordingly, the People's request for an upward departure should have been denied, and the defendant should have been designated a level one sex offender. We note that the People declined to seek additional points under risk factor [*2]1.
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court