People v Velasquez (2021 NY Slip Op 03625)





People v Velasquez


2021 NY Slip Op 03625


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-09317

[*1]The People of the State of New York, respondent,
v
Aisar Valiente Velasquez, appellant. Jason M. Bernheimer, Katonah, NY, for appellant.


Miriam E. Rocah, District Attorney, White Plains, NY (Jill Oziemblewski and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), entered May 18, 2018, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level two sexually violent offender.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the second degree arising from his ongoing sexual offenses against his stepdaughter. He was sentenced to 3 years in prison and 10 years of postrelease supervision. In anticipation of his conditional release date, the Board of Examiners of Sex Offenders (hereinafter the board) prepared a risk assessment instrument (hereinafter RAI) and a case summary under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), which assessed a total of 75 points against the defendant, classifying him as a presumptive risk level two offender.
At the ensuing SORA hearing, the People sought, inter alia, an upward departure in the defendant's classification to risk level three, relying upon the gross abuse of trust arising from the familial relationship between the defendant and his victim. In an order entered May 18, 2018, the Supreme Court granted the People's application for an upward departure based solely on that familial relationship and designated the defendant a level three sexually violent offender. We now reverse and designate the defendant a level two sexually violent offender.
A departure from the presumptive risk level is generally the exception, not the rule (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). Where the People seek an upward departure, they must identify an aggravating factor that tends to establish a higher likelihood of reoffense or danger to the community not adequately taken into account by the Guidelines, and prove the facts in support of the aggravating factor by clear and convincing evidence (see People v Gillotti, 23 NY3d 841, 861; People v Smith, 158 AD3d 654, 655; People v Wyatt, 89 AD3d 112, 121; Guidelines at 4).
Here, as we held in People v Rodriguez (_____ AD3d _____, 2021 NY Slip Op 03475 [2d Dept]), the existence of a familial relationship between the offender and the victim, standing alone, does not constitute an aggravating factor for purposes of granting an upward [*2]departure. That relationship has already been taken into account by the Guidelines (see Guidelines at 12), in which the board deliberately excluded familial relationships from the assessment of points on the RAI and expressly determined that intrafamilial offenders do not pose a comparatively higher risk of recidivism or danger to the community (see People v Mota, 165 AD3d 988, 989; see also People v Cook, 29 NY3d 121, 128).
Since the People failed to establish by clear and convincing evidence the existence of an aggravating factor not adequately taken into account by the Guidelines, reversal and the designation of the defendant as a level two sexually violent offender are required (see People v Mota, 165 AD3d at 989; see e.g. People v Pittman, 179 AD3d 955; People v Campbell, 98 AD3d 5).
LASALLE, P.J., MASTRO, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court