People v Wilkerson (2023 NY Slip Op 01109)

People v Wilkerson

2023 NY Slip Op 01109

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2022-05303

[*1]The People of the State of New York, respondent, 
v
Daivaun Wilkerson, appellant. Randall D. Unger, Kew Gardens, NY, for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle M. O'Boyle of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ushir Pandit-Durant, J.), dated June 10, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a plea of guilty, of rape in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), at which the Supreme Court granted the People's application for an upward departure from the defendant's presumptive level two risk designation, the court designated the defendant a level three sex offender. The defendant appeals.
"An aggravating factor that may support an upward departure from an offender's presumptive risk level is one which tends to establish a higher likelihood of reoffense or danger to the community . . . than the presumptive risk level calculated on the risk assessment instrument" (People v DeDona, 102 AD3d 58, 68 [internal quotation marks omitted]; see People v Wyatt, 89 AD3d 112, 121). Where the People seek an upward departure, they must demonstrate that there exists an aggravating factor "of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; see People v Gillotti, 23 NY3d 841, 861; People v Shim, 139 AD3d 68, 76; People v Wyatt, 89 AD3d at 123). The People must prove the facts in support of the aggravating factor by clear and convincing evidence, and "[o]nce this burden is satisfied, the SORA court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment has resulted in an under-assessment of the offender's actual risk to the public" (People v DeDona, 102 AD3d at 68; see People v Gillotti, 23 NY3d at 861; People v Wyatt, 89 AD3d at 123).
Contrary to the defendant's contention, while the violent nature of his conduct during the underlying offense formed the basis of the points assessed against him under risk factor 1, the circumstances of the offense were not fully taken into account by the Guidelines, and therefore constituted an aggravating factor that could support an upward departure. The defendant and an accomplice pointed a gun at the victim and her boyfriend and chased them, causing them to jump over fences, hide in an abandoned building, and jump from a window of that building in an effort [*2]to escape. The defendant and the accomplice then captured the victim, forced her into a van at gunpoint, and engaged in multiple forcible sex acts with the victim, including acts inflicted upon her by both assailants simultaneously. The Supreme Court properly determined that the People established by clear and convincing evidence that the defendant's "extraordinarily predatory" conduct, along with the multiple sexual violations perpetrated against the victim during her captivity in the van, was especially brutal and severe, such that the presumptive risk level reflected in the defendant's risk assessment instrument represented an underassessment of the defendant's actual danger to the community (see People v Henry, 91 AD3d 927; see also People v Shim, 139 AD3d at 76; People v Maldonado, 127 AD3d 714, 715; People v Guasp, 95 AD3d 608; People v Suber, 91 AD3d 619, 620). Accordingly, under the circumstances of this case, the court providently exercised its discretion in granting the People's application for an upward departure and properly adjudicated the defendant a level three sex offender.
Contrary to the defendant's further contention, it is not necessary to remit the matter to the Supreme Court for a determination of the defendant's application for a downward departure, as that application was implicitly denied by the court at the SORA hearing.
BARROS, J.P., CHAMBERS, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court