People v Hamilton (2023 NY Slip Op 51008(U))

[*1]

People v Hamilton (Donkeith)

2023 NY Slip Op 51008(U)

Decided on September 26, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 26, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, James, JJ.

570011/20

The People of the State of New York, Respondent,
against
Donkeith Hamilton T/N Levine Hamilton, Defendant-Appellant.

Defendant appeals from an order of the Criminal Court of the City of New York, New York County (Phyllis Chu, J.), entered December 4, 2019, which, after a hearing, adjudicated him a level three sex offender, pursuant to the Sex Offender Registration Act (Correction Law art. 6-C).

Per Curiam.
Order (Phyllis Chu, J.), entered December 4, 2019, affirmed.
The record supports the court's discretionary upward departure to level three. Clear and convincing evidence established aggravating factors not adequately taken into account by the risk assessment instrument (see generally People v Gillotti, 23 NY3d 841, 861-862 [2014]), "which assessed points based on the mere existence of certain prior convictions but did not sufficiently reflect the egregious pattern and risk of recidivism reflected in defendant's criminal background" (People v Carmona, 212 AD3d 537, 537 [2023], lv denied 39 NY3d 913 [2023]; see People v Taylor, 154 AD3d 524 [2017], lv denied 30 NY3d 909 [2018]). Here, defendant committed the underlying crime after he had already been convicted twice of the same type of sex crime (see People v Sims, 215 AD3d 496, 497 [2023]; People v Roman, 143 AD3d 476 [2016], lv denied 28 NY3d 912 [2017]) and he had multiple public lewdness convictions both prior and subsequent to his arrest in the underlying matter (see People v Richardson, 209 AD3d 1068, 1070 [2022], lv denied 39 NY3d 908 [2023]). Although public lewdness offenses "are not classified as sex crimes for purposes of scoring on the risk assessment instrument, they have a sexual component [and] [t]he commission of these offenses is an aggravating factor which tends to establish a higher likelihood of reoffense or danger to the community" (People v LaPorte, 119 AD3d 758 [2014], lv denied 24 NY3d 906 [2014] [internal citations and quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: September 26, 2023