People v Cintron (2025 NY Slip Op 00064)

People v Cintron

2025 NY Slip Op 00064

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Singh, J.P., Kapnick, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Case. No. SMZ - 74494/22 94/22, 2024-04086 Appeal No. 3389 

[*1]The People of the State of New York, Respondent,
v
Steven Cintron, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jane Merrill of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Rafael Curbelo of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about June 6, 2024, which, after a hearing, adjudicated defendant a risk level two sex offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), unanimously modified, on the law and the facts, to the extent of adjudicating defendant a risk level one sex offender, and otherwise affirmed, without costs.
The People did not provide clear and convincing record support for granting an upward departure based on an aggravating factor not taken into account by the risk assessment guidelines (see e.g. People v Velasquez, 195 AD3d 762, 762-763 [2d Dept 2021]; People v Mota, 165 AD3d 988, 989 [2d Dept 2018], lv denied 32 NY3d 917 [2019]; People v Campbell, 98 AD3d 5, 13-14 [2d Dept 2012], lv denied 20 NY3d 853 [2012]). The People cited uncharged criminal conduct — i.e., defendant's alleged text and social media threats to rape and kill a minor performer that are strikingly similar to the threats to the minor performer that led to the underlying conviction and requirement that defendant register as a sex offender — as an aggravating factor that provides the basis for the upward departure. While this type of prior uncharged criminal conduct can be a valid aggravating factor not adequately accounted for in the risk assessment instrument (RAI), and thereby provide the basis for an upward departure, the record here is not sufficient to satisfy the burden of proving the facts in support of the proffered aggravating factor by clear and convincing evidence (see People v Paterno, 203 AD3d 853 [2d Dept 2022]).
The other purported aggravating factors cited by the People at the SORA hearing and by the Board in its case summary were also not proven by clear and convincing evidence.
Accordingly, the court's order should be modified to designate defendant a risk level one offender.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025