People v Katovich (2025 NY Slip Op 01401)

People v Katovich

2025 NY Slip Op 01401

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2023-01129

[*1]The People of the State of New York, respondent, 
v
Roger D. Katovich, Jr., appellant.

Margaret M. Walker, Poughkeepsie, NY (Seth J. Gallagher of counsel), for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Dutchess County (Edward T. McLoughlin, J.), dated January 4, 2023, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted of predatory sexual assault. Following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court granted the People's application for an upward departure from the presumptive risk level two designation and designated the defendant a level three sex offender. On appeal, the defendant contends that the court should have denied the People's application for an upward departure.
"A court may exercise its discretion and depart upward from the presumptive risk level where 'it concludes that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [G]uidelines'" (People v Richardson, 101 AD3d 837, 838, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; see Correction Law art 6-C). The aggravating factor "must tend to establish a higher likelihood of reoffense or danger to the community," and "the People must prove the facts in support of the aggravating factor by clear and convincing evidence" (People v Wyatt, 89 AD3d 112, 123; see Correction Law § 168-n[3]). "When the People have met this burden, the court must then 'exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Paul, 168 AD3d 1004, 1005, quoting People v Gillotti, 23 NY3d 841, 861).
Here, the People established, by clear and convincing evidence, that the brutal, severe, and premeditated nature of the defendant's conduct toward the victim was an aggravating factor warranting an upward departure from the defendant's presumptive risk level (see People v Washington, 186 AD3d 1275; People v Fuentes, 177 AD3d 788; People v Maldonado, 127 AD3d 714, 715; People v Suber, 91 AD3d 619, 619-620). Contrary to the defendant's contention, the County Court providently exercised its discretion in concluding that the totality of the circumstances warranted an upward departure from the presumptive risk level two designation (see People v Gillotti, 23 NY3d at 861; People v Burkhardt, 215 AD3d 696, 697). Accordingly, the court [*2]providently exercised its discretion in granting the People's application for an upward departure and properly designated the defendant a level three sex offender.
CONNOLLY, J.P., CHAMBERS, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court