People v Boone (2026 NY Slip Op 01077)

People v Boone

2026 NY Slip Op 01077

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
HELEN VOUTSINAS
SUSAN QUIRK, JJ.

2021-07194

[*1]People of State of New York, respondent,
vJulius Boone, appellant.

Twyla Carter, New York, NY (Tomoeh Murakami Tse of counsel; Kristin Maglabe on the brief), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Christopher J. Blira-Koessler of counsel; Elizabeth Gomiela on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Karen Gopee, J.), dated September 30, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing to designate the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the defendant sought a downward departure from his presumptive level two risk designation. The Supreme Court denied the application and designated the defendant a level two sex offender. The defendant appeals.
"An offender seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise taken into account by the Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Curry, 158 AD3d 52, 58; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [hereinafter Guidelines] at 4 [2006]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Bigelow, 175 AD3d 1443).
Here, the defendant failed to make the twofold showing with regard to the proffered mitigating factors of success in vocational roles and disciplinary record in prison (see People v Gonzalez, 238 AD3d 914, 915; People v Terrell, 237 AD3d 982, 983; People v Watts, 225 AD3d 638, 639), response to sex offender treatment (see People v Fernandez, 219 AD3d 760, 763; People v Grunwald, 201 AD3d 825, 826), community support (see People v Zarifa, 237 AD3d 1113, 1115), an alleged work history for which no evidence was submitted, and the alleged intrafamilial nature of the offense, which factor was already taken into account by the Guidelines (see Guidelines at 12; People v Morrison, 156 AD3d 831, 832; see also People v Velasquez, 195 AD3d 762; People v Rodriguez, 196 AD3d 43, 51).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
BARROS, J.P., IANNACCI, VOUTSINAS and QUIRK, JJ., concur.

2021-07194 DECISION & ORDER ON MOTION
People of State of New York, respondent,
v Julius Boone, appellant.

Appeal from an order of the Supreme Court, Queens County, dated September 30, 2021. Motion by the appellant, inter alia, to strike certain material filed in this Court by the respondent and stated portions of the respondent's brief on the ground that the material is dehors the record and the respondent's brief refers to matter dehors the record. By decision and order on motion of this Court dated June 4, 2025, that branch of the motion which is to strike certain material filed in this Court by the respondent and stated portions of the respondent's brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to strike certain material filed in this Court by the respondent and stated portions of the respondent's brief is granted, and the transcript of the arraignment proceeding dated November 28, 2018, the arrest report dated November 27, 2018, the section that begins on page 4 of the respondent's brief entitled "THE CHARGES AND ARRAIGNMENT," the paragraph on page 6 of the respondent's brief beginning with the words "The PSR noted," footnote 4 on page 8 of the respondent's brief, the first sentence of footnote 6 on page 11 of the respondent's brief, the phrase "put his mouth on the victim's vagina" in the first paragraph on page 14 of the respondent's brief, the last sentence of the first paragraph on page 14 of the respondent's brief, the sentence beginning with the words "And while counsel claimed" in the second paragraph on page 14 of the respondent's brief, the phrase "putting his penis inside the victim's mouth, and putting his mouth on the victim's vagina" in the first full paragraph on page 19 of the respondent's brief, the phrase "'oral sexual conduct'" in the second full paragraph on page 19 of the respondent's brief, the sentences beginning with the words "The PSR also describes" and "The PSR further states" in the carryover paragraph on page 21 of the respondent's brief, and the last sentence on page 30 of the respondent's brief, beginning with the words "Furthermore, under the," are stricken and have not been considered in the determination of the appeal.
BARROS, J.P., IANNACCI, VOUTSINAS and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court