THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JATIEK SMITH, Appellant. [889 NYS2d 464]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated March 8, 2007, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for a new hearing and determination in accordance herewith.

On the Risk Assessment Instrument (hereinafter the RAI) prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), as required by the Sex Offender Registration Act (Correction Law article 6-C, hereinafter SORA), the defendant was assessed a total of 100 points for risk factors two, three, five, seven, eight, and nine. The RAI was submitted to the Supreme Court.

Prior to the SORA hearing, the People gave notice to the defendant that they were seeking to have the Supreme Court assess the defendant 140 points for risk factors one, two, three, five, seven, eight, and nine. The 40-point difference resulted from the People seeking to assess the defendant 30 points under risk factor one for having been armed with a dangerous weapon during the commission of one of the underlying offenses and 30 points under risk factor three for having three victims. The Board had assessed the defendant no points under risk factor one and 20 points under risk factor three for having two victims. At the SORA hearing, the Supreme Court noted that the parties did not dispute the assessment of 90 points, with the sole issues in dispute involving risk factor one, concerning use of a dangerous weapon, for which the People sought an assessment of 30 points, and risk factor seven, concerning relationship with the victims, for which the People sought an assessment of 20 points. While the defendant contested the assessment of 20 points under risk factor seven, he did not dispute the assessment of 30 points under risk factor three.

At the hearing, as to risk factor one, the defendant's counsel noted that "one young lady testified that a knife was moved back and forth, [yet] the grand jury chose not to indict [the defendant] for any weapons charge." The prosecutor, upon the court's inquiry, then stated that the People had not presented a weapons charge against the defendant to the grand jury. Thereafter, the prosecutor argued that "the grand jury minutes support the fact defendant possessed a knife during one of those incidents. Therefore, the People ask the Court [to] assess those 30 points." The court granted the People's request, noting that, upon its review of the grand jury minutes, the People established by clear and convincing evidence that the defendant had been armed with a dangerous instrument during the commission of one of the underlying offenses. Since adding those 30 points to the undisputed 90 points rendered the defendant a presumptive

level three offender, the court did not reach the dispute concerning risk factor seven.

As the People correctly concede, and contrary to the contention of the prosecutor at the SORA hearing, review of the grand jury minutes demonstrates that the People did submit to the grand jury a charge against the defendant of criminal possession of a weapon in the fourth degree, based on one complainant's testimony that the defendant had a knife during the incident, and the grand jury returned a finding on that charge of "no true bill." Accordingly, the grand jury found that the complainant's testimony regarding the knife did not establish reasonable cause to indict the defendant for possession of a dangerous instrument (see CPL 190.65 [1]; 70.10 [2]). In light of the grand jury minutes, as well as the fact that the defendant's presentence report, case summary, and RAI completed by the Board do not refer to his use of a weapon during the commission of the underlying offenses, the People did not establish, by clear and convincing evidence, that the defendant used a dangerous instrument during commission of the underlying offenses (cf. People v Collins, 57 AD3d 865 [2008]; People v Banks, 48 AD3d 656 [2008]). However, we remit the matter to the Supreme Court, Richmond County, to provide the parties the opportunity to resolve the contested issue of whether the defendant should be assessed 20 points under risk factor seven, and for a concomitant redetermination of the defendant's risk offender level. Mastro, J.P., Miller, Angiolillo and Austin, JJ., concur.