■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAKIM RAY, Appellant. [926 NYS2d 290]—

Defendant was convicted of first-degree rape. In that case, the record discloses that the victim awoke and attempted to fend defendant off before he initiated sexual contact. Therefore, the victim was not "physically helpless" at the time of the rape (*see People v Cecunjanin*, 16 NY3d 488 [2011]), and defendant should not have been assessed 20 points under that risk factor. However, we reject defendant's remaining challenge to his point score. Accordingly, defendant's correct score was 100, which is slightly below the threshold for a level three offender.

Regardless of whether defendant's correct point score would make him a presumptive risk level two or three offender, the court properly found clear and convincing evidence of aggravating factors to support its discretionary upward departure to level three. The risk assessment instrument did not adequately account for the extreme brutality and aggravated circumstances of the crime (*see e.g. People v Miller*, 48 AD3d 774 [2008], *lv denied* 10 NY3d 711 [2008]; *People v Sanford*, 47 AD3d 454 [2008], *lv denied* 10 NY3d 707 [2008]). Concur—Mazzarelli, J.P., Catterson, DeGrasse, Abdus-Salaam and Román, JJ.