### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 13, 2014          516433
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

THOMAS SNAY JR.,
                    Appellant.
_____

Calendar Date:   October 10, 2014

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        Eugene P. Grimmick, Troy, for appellant.

        Arthur F. Glass Jr., Acting District Attorney, Troy (Kelly
L. Egan of counsel), for respondent.

_____

Lynch, J.

        Appeal from an order of the County Court of Rensselaer
County (Ceresia, J.), entered September 6, 2012, which classified
defendant as a risk level III sex offender and a sexually violent
offender pursuant to the Sex Offender Registration Act.

        In 2011, the then-41-year-old defendant pleaded guilty to
sexual abuse in the first degree in satisfaction of 16 additional
counts, including rape in the first and second degrees.  The
charges arose out of defendant allegedly subjecting a 14-year-old
girl to forcible sexual intercourse in August 2009 and forcible
sexual contact in December 2009, as well as forcibly touching the
breasts of another 14-year-old girl in 2010, forcibly engaging in
sexual contact with a physically helpless, 15-year-old girl in
2009, and subjecting an eight-year-old to sexual contact three

times in December 2009. Defendant was sentenced to three years in prison, to be followed by 10 years of postrelease supervision. In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders completed a risk assessment instrument that presumptively classified defendant as a risk level III sex offender and sexually violent offender (150 points) in accordance with the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]). Following a hearing, County Court adopted the Board's risk factor scoring, denied the People's request that defendant be assessed an additional 10 points for failure to accept responsibility, and classified defendant as a risk level III sex offender and sexually violent offender. Defendant now appeals.

We affirm. Defendant challenges County Court's assessment of 85 points relating to victims other than the one victim of his crime of conviction. Specifically, he challenges the imposition of 10 points for use of forcible compulsion (risk factor 1) against a victim who was not the subject of his adjudicated crime, 15 additional points for engaging in sexual intercourse with another victim (risk factor 2), 30 points for three or more victims (risk factor 3), 20 points for a continuing course of sexual misconduct (risk factor 4), and 10 additional points based upon the age of another victim (risk factor 5). Contrary to defendant's assertion, "County Court was not limited to the crime to which [he] pleaded, but could, instead, consider reliable hearsay evidence in the record" (People v Clavette, 96 AD3d 1178, 1180 [2012], lv denied 20 NY3d 851 [2012] [internal quotation marks and citations omitted]; see People v Ackley, 95 AD3d 1463, 1463-1464 [2012]), including the case summary, presentence investigation report and victim statements (see People v Mingo, 12 NY3d 563, 571-574 [2009]; People v Luebbert, 73 AD3d 1399, 1399-1400 [2010]). In our view, that proof herein is in no way inadequate, constitutes clear and convincing evidence that defendant victimized at least three children, and supports County Court's assessment of the 85 points that defendant challenges (see People v Luebbert, 73 AD3d at 1399-1400; People v LaRock, 45 AD3d 1121, 1122-1123 [2007]; People v Whaley, 38 AD3d 1106, 1107 [2007]). Finally, defendant's admissions of regular drug use in the presentence investigation report belie his contention that County Court erred in assessing points under risk factor 11 for a

history of drug or alcohol abuse (see People v Filkins, 107 AD3d 1069, 1069 [2013]; People v Whaley, 38 AD3d at 1107).

Defendant's remaining contentions, to the extent not addressed herein, have been considered and found to be lacking in merit.

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court