THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORGAN DAVIS, Appellant. [12 NYS3d 280]—

Appeal by the defendant from an order of the Supreme Court, Nassau County (St. George, J.), dated April 15, 2011, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]). Here, the Supreme Court failed to adequately set forth its findings of fact and conclusions of law. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (see People v Johnson, 118 AD3d 684, 684 [2014]; People v Brown, 116 AD3d 1017, 1017-1018 [2014]).

In determining a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determination sought by clear and convincing evidence (see Correction Law § 168-n [3]; People v Mingo, 12 NY3d 563, 571 [2009]; People v Graves, 121 AD3d 959 [2014]; People v King, 80 AD3d 681, 682 [2011]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629 [2011]; see People v Mingo, 12 NY3d at 573; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]).

Here, the People established, by clear and convincing evidence, that the defendant was properly assessed a total of 105 points, a presumptive level two designation. Specifically, the defendant was appropriately assessed 25 points under risk factor 2 based on sexual contact with the victim, 20 points under risk factor 4 based on the duration of the offense, 30 points under risk factor 5 because the victim was between six and nine years of age during the course of the offense, 15 points under risk factor 11 based on the use of alcohol at the time of the offense, and 15 points under risk factor 14 because the defendant was released from prison without any postrelease supervision. Contrary to the defendant's contention, the infor-

mation contained in the case summary and the police reports offered by the People, which contained detailed victim statements, was reliable within the meaning of SORA (*see People v Thompson*, 111 AD3d 613, 614 [2013]).

Further, the Supreme Court providently exercised its discretion in granting the People's application, upon the recommendation of the Board of Examiners of Sex Offenders, for an upward departure from the presumptive level two designation, to risk level three (*see generally People v Sorto*, 124 AD3d 744 [2015]; *People v Suber*, 91 AD3d 619, 620 [2012]). Contrary to the defendant's contention, the People demonstrated, by clear and convincing evidence, that there were aggravating factors not adequately taken into account by the guidelines and the risk assessment instrument (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 14; *People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Wyatt*, 89 AD3d 112, 121, 123 [2011]), particularly the heinous nature of the underlying sex crimes, which involved the continuing sexual abuse of the child victim over the course of several years (*see People v Sorto*, 124 AD3d 744 [2015]; *People v Ratcliff*, 107 AD3d 476, 476 [2013]; *People v Ray*, 86 AD3d 435, 435 [2011]; *People v Rios*, 57 AD3d 501, 502 [2008]; *cf. People v Soevyn*, 116 AD3d 684, 684-685 [2014]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.