■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO MALDONADO, Appellant. [45 NYS3d 587]—

Appeal by the defendant from an order of the Supreme Court, Nassau County (Murphy, J.), dated July 1, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court properly determined that he was required to register as a sex offender in New York pursuant to New York's Sex Offender Registration Act (hereinafter SORA) (*see* Correction Law § 168 *et seq.*), as a result of his conviction in Colorado, upon his plea of guilty, of unlawful sexual contact (*see* Colo Rev Stat [hereinafter CRS] § 18-3-404 [1] [a]). With respect to out-of-state convictions, SORA requires registration, inter alia, for a conviction of "an offense in any other jurisdiction which includes all of the essential elements of any . . . crime [designated as a 'sex offense' by SORA]" (Correction Law

§ 168-a [2] [d]; *see Matter of North v Board of Examiners of Sex Offenders of State of N.Y.*, 8 NY3d 745, 753 [2007]). The Supreme Court properly determined that the Colorado offense of unlawful sexual contact (*see* CRS § 18-3-404 [1] [a]) includes all of the essential elements of New York's offense of sexual abuse in the third degree (*see* Penal Law § 130.55), which constitutes a registrable sex offense when the victim was less than 18 years old (*see* Correction Law § 168-a [2] [b]). The defendant's contention, raised for the first time on appeal, that unlawful sexual contact (*see* CRS § 18-3-404 [1] [a]) does not include all of the essential elements of sexual abuse in the third degree (Penal Law § 130.55), because the New York offense contains an affirmative defense, is not preserved for appellate review (*see People v Gonzalez*, 142 AD3d 541, 542 [2016]), and we decline to reach it in the interest of justice.

"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought" (*People v Eaton*, 105 AD3d 722, 723 [2013]; *see* Correction Law § 168-n [3]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), or any other reliable source, including reliable hearsay" (*People v Crandall*, 90 AD3d 628, 629 [2011]).

Contrary to the defendant's contention, the People established by clear and convincing evidence that the Board properly assessed him 25 points under risk factor 2 for engaging in sexual intercourse with the victim and 20 points under risk factor 4 for a continuing course of conduct, based upon the victim's statements to Colorado authorities that the defendant engaged in sexual intercourse with her on three separate occasions (*see People v Davis*, 130 AD3d 598, 599-600 [2015]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 9-10 [2006] [hereinafter the Guidelines]). Further, the People established by clear and convincing evidence that the Board correctly assessed the defendant 15 points under risk factor 12 for his failure to accept responsibility, as evidenced by his abscondment from Colorado to New York without advising the Colorado Department of Probation and his unsuccessful discharge from sex offender treatment in Colorado (*see People v Grigg*, 112 AD3d 802, 803 [2013]; *People v DeCastro*, 101 AD3d 693 [2012]). The information contained in the case summary and the police reports offered by the

People, which included detailed victim statements, was reliable within the meaning of SORA (*see People v Davis*, 130 AD3d at 599-600; *People v Crandall*, 90 AD3d at 629).

The defendant's contentions that he is entitled to a downward departure because the victim's lack of consent was due only to inability to consent by virtue of age, and because he did not impregnate the victim, are not preserved for appellate review, as he failed to raise those claims when he argued for a downward departure at the SORA hearing (*see People v Rosales*, 133 AD3d 733 [2015]). To the extent that the defendant's contention that his limited criminal history is a basis for a downward departure is preserved for appellate review, his contention is without merit, as he failed to identify a mitigating factor that is otherwise not adequately taken into account by the Guidelines (*see People v Wyatt*, 89 AD3d 112, 130-131 [2011]). The defendant's criminal history was adequately accounted for in the Risk Assessment Instrument under risk factor 9 (*see id.* at 130-131). Eng, P.J., Hall, Cohen and Connolly, JJ., concur.