■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAVATRO LEGRAND, Appellant. [55 NYS3d 905]—Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated April 29, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In establishing a defendant's risk level pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C), the People have "the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n [3]; *see People v Wyatt*, 89 AD3d 112, 117-118 [2011]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board . . . or any other reliable source, including reliable hearsay" (*People v Crandall*, 90 AD3d 628, 629 [2011]; *see People v Mingo*, 12 NY3d 563, 573 [2009]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter SORA Guidelines]).

Contrary to the defendant's contention, the Supreme Court properly assessed 20 points under risk factor 3, based upon two victims (*see* SORA Guidelines at 10; *People v Madera*, 100 AD3d 1111 [2012]; *People v Kruger*, 88 AD3d 1169, 1170 [2011]), and 20 points under risk factor 13 for unsatisfactory conduct with sexual misconduct while confined (*see* SORA Guidelines at 16-17; *People v Bush*, 105 AD3d 1179, 1180-1181 [2013]; *People v Crandall*, 90 AD3d at 630; *People v Mabee*, 69 AD3d 820, 820-821 [2010]; *People v Ealy*, 55 AD3d 1313, 1314 [2008]).

The defendant's remaining contention is unpreserved for appellate review, and, in any event, without merit (*see People v Noble*, 146 AD3d 824 [2017]; *People v Benitez*, 140 AD3d 1140 [2016]; *People v Angelo*, 3 AD3d 482 [2004]).

Accordingly, the Supreme Court properly designated the defendant a level three sex offender. Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.