People v Vasquez (2018 NY Slip Op 08518)





People v Vasquez


2018 NY Slip Op 08518


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2015-11556

[*1]People of State of New York, respondent,
v
Fredis Vasquez, appellant.


N. Scott Banks, Hempstead, NY (Tammy Feman, Nancy Garber, and Marquetta Christy of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Laurie K. Gibbons and Amanda Manning of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Terence P. Murphy, J.), dated October 6, 2015, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In establishing a defendant's risk level pursuant to the Sex Offender Registration Act (see Correction Law art 6-C), the People have "the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]). In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, "and any relevant materials and evidence" submitted by the parties, including "reliable hearsay evidence" (id.), which may come from, among other documents, evaluative reports completed by the supervising probation officer, or case summaries prepared by the Board of Examiners of Sex Offenders (hereinafter the Board) (see People v Mingo, 12 NY3d 563, 573; People v Cepeda, 161 AD3d 904; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]).
Here, we agree with the Supreme Court's assessment of 20 points under risk factor 4 for engaging in a continuing course of sexual misconduct against the victim (see Guidelines at 10). The assessment was supported by clear and convincing evidence in the record, which included the Board's case summary, police reports, and a videotaped interview of the victim (see People v Maldonado, 147 AD3d 798, 799; People v Alas, 140 AD3d 841; People v Davis, 130 AD3d 598, 599-600).
RIVERA, J.P., CHAMBERS, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court