People v Torres (2019 NY Slip Op 07629)





People v Torres


2019 NY Slip Op 07629


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-10078

[*1]People of State of New York, respondent,
v
John Torres, appellant. Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for appellant.


John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Rachel N. Houle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Gia Morris, J.), dated August 11, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level two sex offender.
A departure from the presumptive risk level is generally the exception, not the rule (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter SORA Guidelines]; People v Howard, 27 NY3d 337, 341; People v Johnson, 11 NY3d 416, 421; People v Simmons, 170 AD3d 904). "Where, as here, the People seek an upward departure from the presumptive risk level, the court must determine whether the aggravating circumstances alleged to show a higher likelihood of the defendant's reoffense are, as a matter of law, of a kind or to a degree not adequately taken into account by the SORA [G]uidelines, and whether the People adduced sufficient evidence to prove by clear and convincing evidence the existence of those aggravating circumstances" (People v Paul, 168 AD3d 1004, 1005; see People v Gillotti, 23 NY3d 841, 861-862; People v Del Rosario, 170 AD3d 759, lv granted 33 NY3d 1053). " Once this burden is satisfied, the court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment instrument has resulted in an underassessment of the offender's actual risk to the public'" (People v Clark, 169 AD3d 836, 836, quoting People v Ragabi, 150 AD3d 1161, 1161; see People v Gillotti, 23 NY3d at 861; People v Del Rosario, 170 AD3d at 759). A defendant's commission of uncharged sex crimes may warrant an upward departure where the uncharged sex crimes have not been accounted for in the risk assessment instrument (see People v Woodson, 156 AD3d 832, 833; People v DeWoody, 127 AD3d 831, 832; see also People v Auger, 162 AD3d 1082, 1083).
Here, although the defendant's presumptive risk level was level two, the People contended that an upward departure was warranted based upon evidence that, approximately three months before the charged crime was committed, the defendant committed an uncharged sex offense against a different victim who allegedly was 15 years old at the time. While the People presented DNA evidence establishing that the defendant had sexual contact with the second alleged victim, the only evidence of that alleged victim's age was a statement in a police report that she was 15 years old, and, since the police report stated that the alleged victim's sexual contact with the defendant was [*2]willing, the bare notation of the victim's age was the only proof of the crime on which the People relied. Thus, the Supreme Court should not have granted an upward departure since the evidence of the alleged victim's age was not supported by a "detailed victim statement[ ]" (People v Maldonado, 147 AD3d 798, 800; see People v Vasquez, 167 AD3d 789, 789-790; People v Davis, 130 AD3d 598, 599-600) or otherwise corroborated (see People v Briggs, 86 AD3d 903, 904-905). Accordingly, the court should have designated the defendant a level two sex offender.
LEVENTHAL, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court