People v Brown (2021 NY Slip Op 03068)





People v Brown


2021 NY Slip Op 03068


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-08471

[*1]People of State of New York, respondent,
v
Robert Brown, appellant.


Thomas N. N. Angell, Poughkeepsie, NY (Steven Levine of counsel), for appellant. 
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Dutchess County (Edward T. McLoughlin, J.), dated May 17, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court, after a hearing, designated the defendant a level two sex offender.
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence (see Correction Law § 168-n[3]; People v Guadeloupe, 173 AD3d 910, 911; People v Holmes, 166 AD3d 821, 822; People v LeGrand, 152 AD3d 722, 722). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see SORA: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]; People v Diaz, 34 NY3d 1179; People v Mingo, 12 NY3d 563).
Here, contrary to the defendant's contention, the People established by clear and convincing evidence that 25 points should be assessed under risk factor 2 for engaging in sexual intercourse with the victim; that 20 points should be assessed under risk factor 4 for a continuing course of sexual misconduct based upon police reports detailing multiple instances of sexual abuse over a 10-month period; and that 30 points should be assessed under risk factor 5 based upon the age of the victim being 10 or less. Contrary to the defendant's contention, the information contained in the case summary and the police reports, which included detailed victim statements, was reliable within the meaning of SORA (see People v Mingo, 12 NY3d at 573; People v Maldonado, 147 AD3d 798, 799; People v Davis, 130 AD3d 598, 599-600; People v Snay, 122 AD3d 1012, 1013; People v Crandall, 90 AD3d at 629). Moreover, the County Court was not limited solely to consideration of the crimes of which the defendant was convicted in assessing points (see Guidelines at 5; People v Sincerbeaux, 27 NY3d 683, 688-689; People v McClendon, 175 AD3d 1329, 1330; People v Fowara, 128 AD3d 932, 933; People v Snay, 122 AD3d at 1013).
Accordingly, the County Court properly designated the defendant a level two sex offender.
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court