People v Reyes (2022 NY Slip Op 02822)

People v Reyes

2022 NY Slip Op 02822

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2021-00914

[*1]The People of the State of New York, respondent,
v
Israel Reyes, appellant. 

Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelly, J.), dated December 8, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), the Supreme Court, after a hearing, designated the defendant a level two sex offender.
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence (see id. § 168-n[3]; People v Guadeloupe, 173 AD3d 910, 911; People v Holmes, 166 AD3d 821, 822; People v LeGrand, 152 AD3d 722, 722). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]; People v Diaz, 34 NY3d 1179; People v Mingo, 12 NY3d 563).
Here, contrary to the defendant's contention, the People established by clear and convincing evidence that the assessment of 30 points under risk factor 1, for being armed with a dangerous instrument, was warranted. The victim's sworn grand jury testimony that the defendant was armed with a knife during one of the incidents of sexual assault was reliable within the meaning of SORA (see People v Mingo, 12 NY3d at 573; People v Maldonado, 147 AD3d 798, 799; People v Davis, 130 AD3d 598, 600; People v Snay, 122 AD3d 1012, 1013; People v Crandall, 90 AD3d at 629). Contrary to the defendant's contention, the Supreme Court was not limited solely to consideration of the crimes of which the defendant was convicted in assessing points (see Guidelines at 5; People v Sincerbeaux, 27 NY3d 683, 688-689; People v Burrowes, 177 AD3d 1005; People v McClendon, 175 AD3d 1329, 1330; People v Fowara, 128 AD3d 932, 933; People v Snay, 122 AD3d at 1013; People v Kost, 82 AD3d 729).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
BARROS, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court