People v Marrow (2022 NY Slip Op 06276)

People v Marrow

2022 NY Slip Op 06276

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-06063

[*1]The People of the State of New York, respondent,
v
Aubrey Marrow, appellant. Clare J. Degnan, White Plains, NY (Debra A. Cassidy of counsel), for appellant.

Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Christine DiSalvo of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan M. Cacace, J.), dated July 14, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In establishing an offender's appropriate risk level under the Sex Offender Registration Act (Correction Law art 6-C), the People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . ., or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see People v Mingo, 12 NY3d 563, 573; People v Brown, 194 AD3d 861, 862).
Contrary to the defendant's contention, the Supreme Court properly assessed 10 points under risk factor 1. By submission of, among other things, the child victim's statements, as memorialized in the child victim's forensic interview with the Children's Advocacy Center (see Social Services Law § 423-a) and the police report, the People established by clear and convincing evidence that the defendant used forcible compulsion against the child victim (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 8 [2006]; Penal Law § 130.00[8]; People v Coleman, 42 NY2d 500, 505).
BARROS, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court