People v Gorostiza (2022 NY Slip Op 06826)

People v Gorostiza

2022 NY Slip Op 06826

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2020-04437

[*1]The People of the State of New York, respondent,
v
Guillermo Gorostiza, appellant. 

Twyla Carter, New York, NY (Naila S. Siddiqui of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan Dennehy, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), entered May 6, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court, after a hearing, designated the defendant a level three sex offender.
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence (see id. § 168-n[3]; People v Guadeloupe, 173 AD3d 910, 911; People v Holmes, 166 AD3d 821, 822; People v LeGrand, 152 AD3d 722, 722). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]; People v Diaz, 34 NY3d 1179; People v Mingo, 12 NY3d 563).
Here, contrary to the defendant's contention, the People established by clear and convincing evidence that the assessment of 30 points under risk factor 1, for being armed with a dangerous instrument, was warranted. The victim's sworn grand jury testimony and statements recorded in police paperwork, which established that the defendant was armed with a gun while committing the underlying offense, were reliable within the meaning of SORA (see People v Mingo, 12 NY3d at 573; People v Maldonado, 147 AD3d 798, 799-800; People v Davis, 130 AD3d 598, 599-600; People v Snay, 122 AD3d 1012, 1013; People v Crandall, 90 AD3d at 629). Contrary to the defendant's contention, a SORA court is not limited solely to consideration of the crime of which the defendant was convicted in assessing points (see Guidelines at 5; People v Sincerbeaux, 27 NY3d 683, 688; People v Reyes, 204 AD3d 1047, 1048; People v Burrowes, 177 AD3d 1005; People v McClendon, 175 AD3d 1329, 1330; People v Fowara, 128 AD3d 932, 933; People v Snay, [*2]122 AD3d 1012, 1013; People v Kost, 82 AD3d 729). Although the defendant correctly contends that he was not indicted on any weapons-based charges, it does not appear from the record that any such count was presented to the grand jury. Moreover, the evidence, including the victim's sworn grand jury testimony with respect to the defendant's possession of a gun during the commission of the offense, established, by clear and convincing evidence, that the defendant was armed with a dangerous instrument during commission of the underlying offense (cf. People v Smith, 66 AD3d 981).
Contrary to the defendant's contentions, the Supreme Court properly assessed 20 points against him under risk factor 4 for engaging in a continuing course of sexual misconduct against the victim, and 30 points under risk factor 5 for the age of the victim being 10 years or less. The assessment of these points was supported by clear and convincing evidence in the record, including the presentence report and the victim's grand jury testimony, which were consistent with the indictment (see People v Mingo, 12 NY3d at 573; People v McPherson, 114 AD3d 653, 653).
In addition, the Supreme Court's assessment of 15 points under risk factor 11 was also supported by clear and convincing evidence. The case summary prepared by the Board stated that the defendant admitted to the Department of Corrections and Community Service that he had a history of drug abuse. Moreover, the defendant was referred to a substance abuse treatment program based on his substance abuse history (see People v Aldarondo, 136 AD3d 770, 770-771; People v Jones, 130 AD3d 601; People v Finizio, 100 AD3d 977, 978).
The Supreme Court also properly assessed the defendant 10 points under risk factor 12 for failing to accept responsibility for his conduct. Contrary to the defendant's contention, the People established by clear and convincing evidence that the defendant did not genuinely accept responsibility for his conduct (see Guidelines at 15-16).
Contrary to the defendant's contention, a downward departure was not warranted here, as none of the factors put forward by the defendant, either singly or in combination with each other, showed that the presumptive risk level overassessed the defendant's dangerousness and risk of sexual recidivism (see generally id. at 2; People v Gillotti, 23 NY3d 841, 861; People v Tuitt, 175 AD3d 517, 519).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
DILLON, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court