People v Dunkley (2023 NY Slip Op 00381)

People v Dunkley

2023 NY Slip Op 00381

Decided on January 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 26, 2023

Before: Friedman, J.P., Moulton, Kennedy, Pitt-Burke, JJ. 

Ind. No. 3117/13 Appeal No. 17194 Case No. 2018-2550 

[*1]The People of the State of New York, Respondent,
v
Raphael Dunkley, Defendant-Appellant.

Janet E. Sabel, The Legal Aid Society, New York (Dalourny Nemorin of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Rafael Curbelo of counsel), for respondent.

Order, Supreme Court, Bronx County (John W. Carter, J.), entered on or about May 11, 2018, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The two point assessments at issue were supported by clear and convincing evidence. The court correctly assessed 30 points under the risk factor for use of violence, based on evidence establishing that defendant was armed with a box cutter during the sexual assault, which he used to cut the victim and forcibly remove money from her (see People v Reyes, 204 AD3d 1047 [2d Dept 2022], lv denied 38 NY3d 912 [2022]). The court also correctly assessed 20 points under the risk factor for relationship with the victim (strangers), because defendant established a relationship with the victim by text for the sole purpose of victimizing her, and thus their relationship did not rise to the level of acquaintanceship (see People v Tejada, 51 AD3d 472 [1st Dept 2008]).
The court properly exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors offered by defendant were adequately addressed by the risk assessment instrument or were otherwise insufficient to support a downward departure, and were in any event outweighed by the seriousness of the underlying crime. We do not find any overassessment of points. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2023