People v Barnes (2023 NY Slip Op 05411)

People v Barnes

2023 NY Slip Op 05411

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2023-00698

[*1]People of State of New York, respondent, 
v
Jimmy Barnes, appellant. Randall D. Unger, Kew Gardens, NY, for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Gianna Gambino on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Cassandra M. Mullen, J.), dated January 3, 2023, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 125 points on the risk assessment instrument and designated him a level three sex offender. On appeal, the defendant challenges the assessment of 30 points under risk factor one (armed with a dangerous instrument).
"In establishing an offender's appropriate risk level under SORA, the People 'bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence'" (People v Watkins, 168 AD3d 1007, 1007-1008, quoting Correction Law § 168-n[3]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]).
Here, contrary to the defendant's contention, the People established by clear and convincing evidence that the assessment of 30 points under risk factor one, for being armed with a dangerous instrument, was warranted. The sworn grand jury testimony of one of the victims, which established that the defendant was armed with a firearm while committing the underlying offense, was reliable within the meaning of SORA (see People v Mingo, 12 NY3d 563, 574; People v Gorostiza, 210 AD3d 1118, 1119).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court