People v Fernandez (2023 NY Slip Op 06265)

People v Fernandez

2023 NY Slip Op 06265

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-07411
2022-07412

[*1]The People of the State of New York, respondent,
v
Jose Fernandez, appellant. 

Twyla Carter, New York, NY (Simon Greenberg of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Ariselly Fernandez on the brief), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) an order of the Supreme Court, Queens County (Ushir Pandit-Durant, J.), dated August 4, 2022, and (2) an amended order of the same court dated August 9, 2022. The amended order dated August 9, 2022, after a hearing, designated the defendant a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the appeal from the order dated August 4, 2022, is dismissed, without costs or disbursements, as that order was superseded by the amended order dated August 9, 2022; and it is further,
ORDERED that the amended order dated August 9, 2022 is affirmed, without costs or disbursements.
The defendant was convicted, after a jury trial, of rape in the first degree. Following a hearing conducted pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 100 points and designated him a level two sex offender. The defendant appeals.
"'In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence'" (People v Bautista, 210 AD3d 1020, 1021, quoting People v Levy, 192 AD3d 928, 929; see Correction Law § 168-n[3]; People v Guadeloupe, 173 AD3d 910, 911). "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay'" (People v Vasquez, 189 AD3d 1480, 1481, quoting People v Luna, 187 AD3d 805, 806 [internal quotation marks omitted]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]; People v Mingo, 12 NY3d 563, 572-573).
The People established, by clear and convincing evidence, that the defendant was armed with a dangerous instrument to support the assessment of 30 points under risk factor 1. The defendant's use of a broken beer bottle during the attack was established by a case summary, which [*2]recited, among other things, that he "picked up a bottle, broke it on the floor and put the bottle to [the victim's] neck" (cf. People v Cortez-Moreno, 215 AD3d 698, 699). Contrary to the defendant's contention, points in this category were properly assessed even though the defendant was not convicted of any weapons-based charges. In assessing points, a SORA court is not limited solely to consideration of the crime of which the defendant was convicted (see Guidelines at 5; People v Gorostiza, 210 AD3d 1118, 1119; People v Reyes, 204 AD3d 1047, 1047-1048). Moreover, although the defendant was not indicted on any weapons-based charges, it does not appear from the record that any such count was presented to the grand jury (cf. People v Smith, 66 AD3d 981, 983).
The People also established, by clear and convincing evidence, that the defendant would be released with no official supervision to support the assessment of 15 points under risk factor 14. The defendant's lack of supervision upon release was established through submission of an Order of Removal ordering that the defendant be deported to the Dominican Republic upon his release, as well as a letter from an Immigration and Customs Enforcement (hereinafter ICE) Officer indicating that ICE would deport the defendant to the Dominican Republic after his release from custody (see People v Torres, 217 AD3d 976, 977; People v Tzintzun-Frias, 210 AD3d 917, 918; People v Palacio, 137 AD3d 761, 762).
"'A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Medina, 209 AD3d 775, 776, quoting People v Jones, 196 AD3d 515, 515 [internal quotation marks omitted]; see People v Gillotti, 23 NY3d 841, 861). "'If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Medina, 209 AD3d at 776, quoting People v Sofo, 168 AD3d 891, 891-892; see People v Palmer, 217 AD3d 793). Here, the alleged mitigating factors identified by the defendant, including his supportive family, positive disciplinary record while incarcerated, and maturation as evidenced by his receipt of a high school equivalency diploma while incarcerated, were adequately taken into account by the Guidelines (see People v Saunders, 209 AD3d 776, 778; People v Samuels, 199 AD3d 1034; People v Barrott, 199 AD3d 1029, 1030; People v Leung, 191 AD3d 1023; People v Torres, 124 AD3d 744, 745-746).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court