People v Pierre (2024 NY Slip Op 00442)

People v Pierre

2024 NY Slip Op 00442

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-01960

[*1]The People of the State of New York, respondent, 
v
Franklyn John Pierre, appellant. 

Jeffrey D. Cohen, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Andrew Z. Wu of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Michelle Johnson, J.), dated February 3, 2023, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree (Penal Law § 130.35[1]). At a hearing to designate the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the People sought, inter alia, the assessment on the risk assessment instrument (hereinafter RAI) of 20 points under risk factor 4, for engaging in a continuing course of sexual misconduct, and 30 points under risk factor 5, based upon a victim age of 10 years or less. The Supreme Court concluded that the People had established the propriety of those points by clear and convincing evidence. Since, with the assessment of these points, the defendant's points total on the RAI presumptively placed him in the level two risk category, and no departure applications were made, the court designated the defendant a level two sex offender. The defendant appeals.
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determination sought by clear and convincing evidence (see Correction Law § 168-n[3]; People v Camacho-Gutierrez, 210 AD3d 811). In making the determination of an offender's risk level, "the court shall review any victim's statement and any relevant materials and evidence submitted by the sex offender and the district attorney and the court may consider reliable hearsay evidence submitted by either party provided that it is relevant to the determinations" (Correction Law § 168-d[3]; see People v Mingo, 12 NY3d 563, 572). "[U]nsworn statements of the victim are admissible if there is a requisite indicia of reliability, and the statement is not equivocal, inconsistent with other evidence, or . . . dubious in light of other information in the record" (People v Uver A., 195 AD3d 61, 68 [citations and internal quotation marks omitted]).
Here, the People established by clear and convincing evidence that 20 points should be assessed under risk factor 4 for a continuing course of sexual misconduct, and that 30 points should be assessed under risk factor 5 based upon the age of the victim being 10 years or less (see People v Brown, 194 AD3d 861, 862). Contrary to the defendant's contention, the victim's statements describing two prior incidents of sexual misconduct committed against her by the [*2]defendant when she was nine years old, which statements were recorded by a caseworker for Child Protective Services during an interview with the victim, as well as by a medical professional in the victim's hospital records, were reliable, consistent, and detailed, and sufficiently supported the assessment of the contested points (see id. at 862).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court