People v Abrile

2026 NY Slip Op 02139

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Alberto S. Abrile, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2025-07722

Betsy Barros, J.P.

Cheryl E. Chambers

Janice A. Taylor

Elena Goldberg Velazquez, JJ.

Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Alfred Croce and Lauren Tan of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated June 13, 2025, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

ORDERED that the order is affirmed, without costs or disbursements.

The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the first degree, rape in the first degree, two counts of criminal sexual act in the second degree, and rape in the second degree. After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court assessed the defendant a total of 100 points on the risk assessment instrument, denied his application for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant appeals.

The defendant challenged the assessment of 35 points: 10 points based upon the fact that the victim allegedly was 10 years old when the sexual abuse began, 10 points for failure to accept responsibility, and 15 points because the defendant was to be deported, and therefore released without supervision. The defendant's failure to accept responsibility was established by his statements to law enforcement authorities, in which he blamed the victim for what he characterized as consensual sex, his presentence interview, in which he denied his guilt, and his correspondence with the Board of Examiners of Sex Offenders, in which he blamed the victim and her family for his predicament.

Further, the evidence indicates that the defendant was subject to a final removal order directing his deportation. Therefore, he was properly assessed 15 points for release without supervision (see People v Fernandez, 222 AD3d 671; People v Torres, 217 AD3d 976).

We need not reach the question of whether the defendant was properly assessed 10 points based upon the victim's age of 10 years when the defendant's conduct against her purportedly began, since the deduction of 10 points from the 100 points assessed against the defendant would not change the defendant's presumptive risk level two designation (see People v Perez, 199 AD3d 946).

The defendant's age at the time of the SORA hearing, 62 years old, under the circumstances of this case, was not a basis for a downward departure from his presumptive risk level (see People v Cangiano, 234 AD3d 885).

Accordingly, the defendant was properly adjudicated a level two sex offender.

BARROS, J.P., CHAMBERS, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court